## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

TERRA WALKER, et al.,                    )
                                         )
                    Plaintiffs,          )
                                         )
vs.                                      )        Case No. CIV-14-914-D
                                         )
APEX WIND CONSTRUCTION,                  )
LLC, et al.,                             )
                                         )
                    Defendants.          )

## CERTAIN DEFENDANTS' REPLY IN SUPPORT OF
## THEIR MOTION TO DISMISS

Plaintiffs' response brief [Doc. #24] either misapprehends or fails to respond meaningfully to many of the arguments advanced in Defendants' motion to dismiss and initial brief [Doc. #15].[1] This reply focuses on the major arguments asserted in Plaintiffs' response and reiterates why Defendants' motion to dismiss should be granted.

### 1.   *The Complaint fails to identify the purported members upon whose behalf the Association is suing.*

As an initial matter, Plaintiffs do not contend the Association has suffered any injury itself. Instead, they take issue with whether the Association has organization standing to sue on behalf of its members. The Complaint does not allege a plausible basis for concluding the Association may assert the rights of its purported members here.

---

[1] This reply, like the initial motion, is filed on behalf of the following Defendants: Apex Wind Construction, LLC; Apex Clean energy, Inc.; Apex Clean Energy Holdings, LLC; Kingfisher Transmission, LLC; Campbell creek Wind, LLC; Campbell Cree Wind Transmission, LLC.

Although the Complaint alleges the Association has members, neither it nor Plaintiffs' response brief identifies who those members are, either specifically or generally. Yes, the Complaint alleges that the Association "represents a large group of landowners in Canadian and Kingfisher Counties" (Complaint, ¶ 37), but it does not allege the landowners the Association seeks to represent are in fact members of the Association. The doctrine of organization standing does not confer a free-roving license upon the Association to sue upon behalf of whomever it chooses. Rather, organization standing is a type of representational standing. *See Warth v. Seldin*, 422 U.S. 490, 511 (1975). When asserting it, the Association may only represent the rights of its members—it stands in their shoes, so to speak. Without knowing whose shoes the Association is standing in, Defendants do not have fair notice of the breadth of the claims against them or who will be bound by the Court's judgment. *Cf.* 18A Fed. Prac. & Proc. Juris. §§ 4456 (2d ed.) (discussing the interplay and unresolved issues between organization standing and the preclusion doctrines). Because the Complaint does not identify the members whose rights the Association is purportedly asserting, the Complaint fails to plausibly suggest the Association has standing to sue. Therefore, the Association's claims should be dismissed.

> **2.     *To assert organization standing, the Association must be a voluntary membership organization, either in fact or functional equivalence.***

Plaintiffs contend the Association need not be the functional equivalent of a traditional membership organization because the Association actually has members.

(Pltfs. Resp., at 3).   Respectfully, Defendants submit that Plaintiffs' argument begs the question: are the Association's members actually members in any meaningful way?

To assert organization standing, the Association's members must actively participate in, fund, and control the Association's activities.  *See Fund Democracy, LLC v. S.E.C.*, 278 F.3d 21, 25-26 (D.C. Cir. 2002).  Otherwise, the Association's purported members aren't really members at all.  *See Hope, Inc. v. DuPage County, Ill.*, 738 F.2d 797, 814-15 (7th Cir. 1984).   Absent a relationship with its members that mirrors those found in traditional membership organizations, there's isn't a sufficient "nexus" between the Association's activities and the interests of its members.  *Cf. Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 345 (1977).  That relationship and identity of interest are necessary to ensure the Association is not merely a "concerned bystander" asserting the rights of others for its own purposes.  *See Am. Legal Found. v. F.C.C.*, 808 F.2d 84, 90-91 (D.C. Cir. 1987).

In this case, the Complaint does not plead any facts suggesting the Association's purported members actively participate in or direct the Association's activities. Therefore, the Complaint fails to suggest the Association may properly assert organization standing, and the Association's claims should be dismissed.

### 3.  *The Association cannot assert organization standing because Plaintiffs' private nuisance claims will require individualized proof.*

Plaintiffs argue that individualized proof will not be necessary for their private nuisance claims because Plaintiffs have supposedly alleged and intend to prove the proposed wind turbines will impact the Association's members in substantially the same

way. (Pltfs. Resp., at 4).  But even if Plaintiffs have pleaded and are able to prove that much, whether the supposedly common impact will amount to an unreasonable interference will nonetheless depend on factors individual to the Association's purported members, including "each owner's actual and intended use or uses of his or her land . . ." *Bano v. Union Carbide Corp.*, 361 F.3d 696, 715-16 (2d Cir. 2004).  That this is a fact-specific inquiry particular to each landowner is inherent in the nature of the private nuisance claims asserted—not something Defendants have to "prove," as Plaintiffs suggest.  (Pltfs. Resp., at 7).

Additionally, *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643 (10th Cir. 2006), upon which Plaintiffs rely, is distinguishable.  In *Grace*, the defendant-city denied the plaintiff-church a license to operate a daycare in a residential district. The church filed suit against the city alleging that denial violated the church's federal statutory and constitutional rights.  The homeowners' association for the neighborhood in which the daycare would have been located intervened in the action to enforce the subdivision's restrictive covenants.  After noting that no party had contested the issue, the Tenth Circuit concluded with minimal discussion that "a determination regarding whether the Church's proposed daycare center would violate the restrictive covenants did not mandate participation of the individual members in the suit."  *Id.* at 671.  One of the restrictive covenants at issue prohibited the church "from engaging in any activity that *could become* a nuisance to the neighborhood." *Id.* at 674 (emphasis added).  However, the evidence that the proposed daycare could become a nuisance was that its location would violate the city's zoning ordinances.  *See id.*

4

The private nuisance claims asserted here are different.  Plaintiffs do not (and cannot) contend the proposed wind turbines will violate any statute, regulation, or ordinance.  And further unlike the homeowners' association in *Grace*, Plaintiffs must do more than prove the wind turbines *could become* a nuisance. Rather, to prevail here Plaintiffs must plead facts suggesting, and later prove by clear and convincing evidence that the proposed turbines will likely be a nuisance that causes them substantial and irreparable injury.  As explained in Defendants' initial brief, that is a fact-specific inquiry particular to each Plaintiff and landowner.   Therefore, organization standing is not appropriate in this case.  Furthermore, unlike the membership issues discussed in points 1 and 2 above, this is not a deficiency that can be cured by an amended pleading.  As a result, the Association's claims should be dismissed without leave to amend.

### 4. *Plaintiffs should not be allowed to sue every entity Plaintiffs believe to be affiliated with Apex.*

Plaintiff contends it should be allowed to lump all Defendants together because their claims "are not complex" and "Plaintiffs have no assurances that a judgment and injunction against Defendant Kingfisher Wind, LLC would [bind the other entities]." (Pltfs. Resp., at 8).  Defendants' initial brief cited ample authority for the proposition that, regardless of how complex Plaintiffs' claims may or may not be, a complaint is deficient when it lumps all Defendants together and fails to distinguish between the alleged conduct attributable to and theories of recovery asserted against each.  (Mot. to Dismiss, at 10).  Additionally, Plaintiffs' concern that Defendants will be able circumvent any injunction entered against only Defendant Kingfisher Wind, LLC by having a

different entity build the wind farm(s) is not well-founded.[2]  *See, e.g., Nat'l Labor Relations Bd. v. Birdsall-Stockdale Motor Co.*, 208 F.2d 234, 237 (10th Cir. 1953) ("Where successors and assigns are in active concert or participation with a defendant or respondent in the violation of an order, or are instrumentalities through which the defendant or respondent seeks to evade an order, they are brought within the scope of contempt proceedings by Rule 65(d).").

> 5.     ***The Complaint does not plausibly suggest the proposed wind turbines will likely cause substantial, irreparable harm to Plaintiffs.***

Defendants' initial motion carefully analyzed Plaintiffs' allegations relating to the adverse effects allegedly caused by wind turbines and explained why those allegations do not plausibly suggest these Plaintiffs can obtain a permanent injunction against the construction and operation of these proposed wind turbines.  (Mot. to Dismiss,  at 14-17). Plaintiffs' response brief merely copies-and-pastes certain allegations from their Complaint and argues in conclusory fashion that those allegations are sufficient to state a nuisance claim.  (Pltfs. Resp., at 10-11).   Additionally, Plaintiffs' response fails to appreciate that the question here is not merely whether the Complaint contains sufficient allegations to plead a claim for nuisance.  Rather, because Plaintiffs seek a permanent injunction against a lawful activity, the Complaint must suggest *these* Plaintiffs' health or safety is likely to be substantially harmed if the proposed turbines are not enjoined.  As

---

[2] Plaintiffs' response states that Plaintiffs are challenging the nascent Campbell Creek project in addition to the Kingfisher Wind project.  Defendants' initial brief assumed Plaintiffs were challenging only the latter.  If Plaintiffs' claims are allowed to proceed, Defendant Campbell Creek Wind, LLC is the proper Defendant with respect to the Campbell Creek project.  However, Defendants anticipate challenging any suit based on that project on ripeness grounds.

explained in Defendants' initial brief, the allegations in the Complaint fall short of that mark, and Plaintiffs' response makes little effort to explain otherwise.

The only specific counter-argument made by Plaintiffs pertains to the allegations about Mr. and Mrs. Huffstutlar, non-parties who allegedly live in the middle of a different wind farm. (Complaint, ¶ 46). In their response, Plaintiffs argue the allegations about the Huffstutlars "are in the Complaint to illustrate that Plaintiffs['s] contentions are not speculative." (Pltfs. Resp., at 12). But there is no explanation as to how the Huffstutlars' alleged injuries plausibly suggest that these Plaintiffs will suffer a substantial, irreparable harm if the wind farm is not enjoined. As explained in Defendants' initial brief, "the Complaint does not allege that any Plaintiff will live in the same proximity to wind turbines as does Mr. Huffstutler, nor does the Complaint suggest any Plaintiff has a similar medical condition that could be aggravated by the proposed wind farm[s]." (Mot. to Dismiss, p.16). For the reasons previously explained in detail, the Complaint does not sufficiently state a claim for anticipatory nuisance.

### 6.     *Plaintiffs' trespass claim should be dismissed without leave to amend.*

The Complaint alleges the noise created by the proposed wind turbines will trespass on Plaintiffs' property. (Complaint, ¶ 67). As Defendants pointed out in their initial brief, the general rule is that noise is not actionable as a trespass because noise is not an actual, physical invasion of another's property. *Beal v. W. Farmers Elec. Co-op*, 228 P.3d 538, 541 (Okla. Civ. App. 2010). Plaintiffs acknowledge the general rule but seek to avail themselves of an exception that allows intangible intrusions such as noise to be actionable as a trespass when "they cause physical damage to the real property." *Id.*

But neither Plaintiffs' Complaint nor their response identifies any physical injury to the land that will allegedly be caused by noise from the proposed wind turbines. Therefore, the exception does not save Plaintiffs' trespass claim in this case.

Additionally, the Court should deny Plaintiffs' request for leave to amend their trespass claim to allege that the proposed wind turbines will throw ice and dead birds and bats onto Plaintiffs' properties. (Pltfs. Resp., at 14). Any amendment would be futile because those are not the type of substantial, irreparable injuries that justify enjoining a lawful business activity. *Cf. Sharp v. 251st Street Landfill, Inc.*, 925 P.2d 546 (Okla. 1996) (plaintiffs' threatened loss of water supply justified permanent injunction against proposed landfill). Therefore, Plaintiffs' trespass claim should be dismissed without leave to amend.

### 7.      *The proposed class is not ascertainable.*

In their initial brief, Defendants explained that the proposed class was not presently ascertainable for two reasons: (i) the proposed turbine locations do not have a definite location, and (ii) determination of who is in the class depends upon resolution of the merits of Plaintiffs' claims (i.e. whether the class members have waived their claims). Plaintiffs contend the first objection is a fact issue that should be resolved at the class certification stage. But it does not require any facts outside the pleadings to say wind turbines which have not been built do not have a definite location. And, contrary to

Plaintiffs' suggestion otherwise, the anticipated location of those turbines could change for any number of legitimate reasons wholly unrelated to this litigation.[3]

Next, Plaintiffs misunderstand Defendants' objection to their proposed class exclusions. Defendants are not suggesting that all exclusions from a class definition are improper—indeed, such exclusions are found in almost every class definition. Rather, Defendants contend that exclusions *which depend upon resolution of the merits* of Plaintiffs' claims are improper. This proposed class is objectionable because it excludes people who have waived their claims against Defendants, which requires the Court to make a merits determination just to decide who is in the proposed class.

### 8. *Plaintiffs may not rely on facts not alleged in the Complaint to satisfy the numerosity requirement.*

As pointed out in Defendants' initial brief, class allegations should be dismissed if the Complaint fails to plausibly suggest the members of the proposed class are so numerous that joinder is impracticable. *See, e.g., Roberts v. Target Corp.*, No. CIV-11-951-HE, 2012 WL 2357420, at *3 (W.D. Okla. June 20, 2012). Plaintiffs contend the Complaint satisfies that requirement based on paragraph 55. But that allegation merely parrots Rule 23(a)(1) and is insufficient by itself. There are no non-conclusory

---

[3] Plaintiffs make too much of the fact that Defendants have obtained determinations from the FAA stating that certain proposed turbines pose no hazard to air navigation. (Pltfs. Resp., at 15). Wind developers are allowed to (and routinely do) change the location and/or height of a proposed turbine after the FAA makes a determination of no hazard, and the developer generally files a new Notice of Proposed Construction or Alteration with the FAA to obtain new determination if they do so. *See generally* Federal Aviation Administration, *Wind Turbine FAQs*, No. 22, available at https://oeaaa.faa.gov/oeaaa/external/searchAction.jsp?action=showWindTurbineFAQs (last accessed October 21, 2014) (contemplating that wind developer may re-file notice if turbine height changes).

allegations in the Complaint suggesting how many people will be in this proposed class. Given that the proposed class area involves rural land in a single geographic area in central Oklahoma, the Court should not automatically assume that joinder is impracticable. Moreover, Plaintiffs' contention that "the facts will show [otherwise]" (Pltfs. Resp., at ) is irrelevant. The Complaint, as filed, does not plausibly suggest a class action is appropriate, and the class allegations should therefore be dismissed.

<u>Conclusion</u>

For the reasons discussed above and in their motion to dismiss, Defendants request the Court dismiss Plaintiffs' Complaint [Doc. #1] in its entirety. Defendants further request the trespass claim and all claims asserted by the Oklahoma Wind Action Association be dismissed without leave to amend because any amendment would be futile. Defendants also request any other relief the Court determines appropriate.

*/s/ J. Todd Woolery*
Tim Bomhoff, OBA #13172
J. Todd Woolery, OBA #18882
Jodi Cole, OBA #22107
Patrick L. Stein, OBA #30737
MCAFEE & TAFT A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102-7103
Telephone: (405) 235-9621
Facsimile: (4050 235-0439
todd.woolery@mcafeetaft.com
jodi.cole@mcafeetaft.com
patrick.stein@mcafeetaft.com

**Attorneys for Defendants Apex Wind Construction, LLC, Apex Clean Energy, Inc., Apex Clean Energy**

**Holdings, LLC, Kingfisher Wind, LLC, Kingfisher Transmission, LLC, Campbell Creek Wind, LLC, and Campbell Creek Wind Transmission, LLC**

## CERTIFICATE OF SERVICE

This certifies that on the 21st day of October, 2014, the above document was transmitted to the Clerk of Court using the ECF System for filing and a Notice of Electronic Filing will be automatically transmitted to the following ECF registrants:

Dallas L.D. Strimple
Jason B. Aamodt
Deanna L. Hartley
Krystina E. Phillips
Indian and Environmental Law Group, PLLC
1723 East 15th Street, Suite 100
Tulsa, OK 74104

*Attorneys for Plaintiffs*

Thomas G. Wolfe
Clayton D. Ketter
Phillips Murrah
Corporate Tower, 3rd Fl.
101 N. Robinson
Oklahoma City, OK 73102

*Attorneys for Defendant*
*Kingfisher Wind Land Holdings, LLC*

/s/ J. Todd Woolery
J. Todd Woolery