## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

TERRA WALKER, *et al*.,                    )
                                           )
                    Plaintiffs,            )
                                           )
v.                                         )          Case No. CIV-14-914-D
                                           )
APEX WIND CONSTRUCTION, LLC, *et al*.,     )
                                           )
                    Defendants.            )

### O R D E R

Before the Court are Certain Defendants' Motion to Dismiss and Supporting Brief [Doc.
No. 15][1] and Kingfisher Wind Land Holdings, LLC's Joinder to Certain Defendants' Motion to
Dismiss [Doc. No. 17]. Plaintiffs have responded to the motion [Doc. No. 24] and Defendants have
replied [Doc. No. 36]. Also before the Court is Plaintiffs' Motion for Hearing on Defendants'
Motion to Dismiss [Doc. No. 39].

### I.    Background

Plaintiffs are individuals who own land in Kingfisher and Oklahoma Counties, within the
State of Oklahoma. In addition, Plaintiff, Oklahoma Wind Action Association (OWAA), is an
Oklahoma Corporation which purports to bring this suit on behalf of itself and its members.
Plaintiffs allege that Defendants are negotiating lease agreements with landowners in Canadian and
Kingfisher counties for the construction, operation and maintenance of Industrial Wind Energy
Conversion Systems (IWECS) for production of electricity (referred to hereafter as IWECS or the

---

[1] The "Certain Defendants" are identified as Apex Wind Construction, LLC, Apex Clean
Energy, Inc., Apex Clean Energy Holdings, LLC, Kingfisher Wind, LLC, Kingfisher Transmission,
LLC, Campbell Creek Wind, LLC and Campbell Creek Wind Transmission, LLC. These
Defendants, together with Kingfisher Wind Land Holdings, LLC, are collectively referred to herein
as "Defendants").

wind farm).  Plaintiffs bring claims for anticipatory nuisance and anticipatory trespass and further seek a permanent injunction to enjoin Defendants from constructing these IWECS.  They do not seek monetary relief in this action. Plaintiffs also allege facts in support of class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Defendants move to dismiss the claims of OWAA on jurisdictional grounds and contend the Complaint fails to plausibly allege the requisite facts for associational standing.  Defendants also move for dismissal of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants contend the Complaint "fails to distinguish [among] Defendants." *See* Motion at p. 9.  In addition, Defendants move for dismissal of Plaintiffs' anticipatory nuisance claim on grounds the Complaint does not "plausibly suggest[] the proposed wind farm or any turbine in it is likely to adversely affect any Plaintiffs' health or safety." *See id*. at p. 14.  Defendants further move for dismissal of Plaintiffs' anticipatory trespass claim and contend the Complaint "fails to identify an anticipated or actual physical invasion of Plaintiffs' property." *Id*. at p. 17.  Finally, Defendants seek dismissal of the class action allegations.

## II.     Discussion

### A.      Associational Standing

Defendants seek dismissal of OWAA on grounds the Complaint alleges no facts demonstrating injury to OWAA itself as a result of the proposed wind farm.  Even if those allegations are absent, however, OWAA may bring suit on behalf of its members so long as: (1) "its members would otherwise have standing to sue in their own right;" (2) "the interests it seeks to protect are germane to the organization's purpose;" and (3) "neither the claim asserted nor the relief requested requires participation of individual members in the lawsuit." *Hunt v. Washington State*

*Apple Advertising Comm'n.*, 432 U.S. 333, 343 (1977). Defendants challenge the sufficiency of the Complaint's allegations as to the first and third requirements.

Plaintiffs' Complaint does not allege whether the individual Plaintiffs are members of OWAA. Plaintiffs' Complaint alleges that OWAA "*represents* a large group of landowners in Canadian and Kingfisher Counties, Oklahoma, who live and own property within the immediate vicinity, at least within three (3) miles, of Defendants' currently planned IWECS." *See* Complaint, ¶ 9 (emphasis added). The Complaint does not state, however, whether these landowners are *members* of OWAA. And, the Complaint does not otherwise identify the members of OWAA. Without such allegations, the Complaint does not plausibly demonstrate that the individual members would have standing to sue in their own right. The current allegations of the Complaint, therefore, are deficient with respect to the first requirement for associational standing.

Nonetheless, Plaintiffs state that "if the Court requires allegations regarding OWAA's members' participation, control and funding, Plaintiffs can file an Amended Complaint with those allegations[.]" *See* Response at p. 3. Generally, dismissal with leave to amend is warranted "if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief[.]" *Brever v. Rockwell Intern. Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) *(quoting* 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1483 at 587 (2d ed. 1990)). If Plaintiffs can allege facts as to OWAA's members' participation, control and funding, they may also be able to allege facts as to the identity of its members and whether they have standing to sue in their own right. Therefore, leave to amend will be granted.

Defendants also challenge the sufficiency of the allegations of the Complaint as to the third requirement for associational standing. According to Defendants, OWAA can only prevail on a

claim for nuisance or trespass by establishing particularized harm as to each landowner. Defendants contend, therefore, that individual participation of the members is required, thereby defeating associational standing.

Plaintiffs, including OWAA, expressly state in the Complaint that they are not pursuing any claims for damages for actual personal injury or damage to property. *See* Complaint at p. 17 (Reservation of Claims). Individual participation "is not normally necessary when an association seeks prospective or injunctive relief for its members" although such participation "would be required in an action for damages to an association's members[.]" *United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 546 (1996).

Although the claims of the individual plaintiffs will require proof particular to each plaintiff, the same is not necessarily true for OWAA. It appears that OWAA's claims are based on allegations that the proposed wind farm, if constructed within a three-mile radius of *any* members' property, is a nuisance and should be enjoined. As Plaintiffs state in their response, the impact of the wind farm is "substantially similar" on each of its members. *See* Response at p. 4. If this serves as the basis of OWAA's claims, then, contrary to Defendants' contention, particularized proof of injury may not be required. *Compare Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 670-71 (10th Cir. 2006) (participation of individual members not required where association sought declaration that proposed daycare center would violate restrictive covenants of subdivision; issue could properly be resolved in a "group context"); *see also Heartland Academy Community Church v. Waddle*, 427 F.3d 525, 532-33 (8th Cir. 2005) (where boarding school sought only declaratory and injunctive relief as to violation of students' Fourth Amendment rights, participation of students was not required and associational standing existed). But without sufficient facts alleged as to the

identity of OWAA's members, the Court cannot make an adequate determination as to whether OWAA asserts a collective injury.

Accordingly, the Court finds dismissal of the Complaint as to OWAA on grounds it lacks associational standing should be granted. Plaintiffs, however, may file an amended complaint to address the deficiencies set forth.

### B.       Failure to State Claims Upon Which Relief May be Granted

The Court next addresses whether Plaintiffs' Complaint is subject to dismissal for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). A pleading is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.")).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). Pleadings that do not allow for at least a "reasonable inference" of the legally relevant facts are insufficient. *Id*. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

## 1.        __Failure to Distinguish Among Defendants__

Defendants seek dismissal of the Complaint because the allegations fail to distinguish among them.  According to Defendants, the allegations improperly "lump" them together.  As *Iqbal, supra*, and Tenth Circuit precedent dictate, "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).  For example, *Twombly* has "greater bite" in the context of a civil rights action brought pursuant to 42 U.S.C. § 1983 because the claims are complex, personal participation is required to establish liability against government actors and, collective allegations against "the State" do not provide fair notice of the claims.  *Id*.

As a general matter, however, collective allegations are not prohibited by Fed. R. Civ. P. 8.  Rather, the allegations must simply provide Defendants with fair notice of the claims against them.  Here, Plaintiffs allege that Defendants are each sued "independently and as alter ego and/or agent of each of the other Defendants to this action." *See* Complaint, ¶¶ 13-21.  In addition, the tort claims alleged – nuisance and trespass –  are not complex.  The Complaint gives Defendants notice of the claims brought against them. Therefore, the Court, drawing on its judicial experience and common sense, denies Defendants' motion to dismiss the Complaint on grounds the allegations fail to distinguish among Defendants.

## 2.        __Anticipatory Nuisance__

Defendants seek dismissal of Plaintiffs' claim for anticipatory nuisance "because the Complaint does not plausibly suggest any Plaintiff is likely to suffer substantial, irreparable harm." *See* Motion at p. 11.  Oklahoma law governs Plaintiffs' claims. *See Macon v. United Parcel Service,*

*Inc.*, 743 F.3d 708, 713 (10th Cir. 2014) (in a diversity action, the claims at issue are governed by the law of the forum state).

Plaintiffs bring a claim for private nuisance pursuant to Okla. Stat. tit. 50, § 3. *See* Complaint, ¶ 64. Under Oklahoma law, a nuisance includes any act or omission which "[a]nnoys, injures or endangers the comfort, repose, health or safety of others" or "[i]n any way renders other persons insecure in life, or in the use of property[.]" Okla. Stat. tit. 50, § 1. Oklahoma law further recognizes a claim for anticipatory nuisance, *i.e.*, a plaintiff can seek injunctive relief without having to wait for the actual infliction of a loss. *See, e.g., Sharp v. 251ˢᵗ Street Landfill, Inc.*, 925 P.2d 546, 552 (Okla. 1996).

Defendants contend the relevant inquiry for purposes of their motion to dismiss is whether the Complaint sufficiently alleges facts to plausibly demonstrate the wind farm is likely to adversely affect any Plaintiff's health or safety. Because Plaintiffs seek injunctive relief, Defendants further contend the focus of the inquiry "is on the likelihood Plaintiffs will suffer substantial irreparable harm." *See* Motion at p. 13. In response, Plaintiffs contend that the Complaint includes a "plethora" of allegations to demonstrate their health and safety will be adversely affected. *See* Response at p. 9.

The Complaint alleges that Plaintiffs all live within three miles of the proposed IWECS. *See* Complaint, ¶¶ 36-37. The Complaint identifies potential adverse health effects from noise and light flicker associated with the turbines. *See id.*, ¶¶ 49-52. The Complaint makes reference to the findings of the City of Piedmont, based on review of scientific studies, that "[h]ealth effects related to noise emissions from IWECS are observable up to three (3) miles from the system, with the effects being greatest within one (1) mile from the system." *See id.* at ¶ 29(f). The Complaint also

identifies types of adverse health effects associated with IWECS including: sleep disturbance, impairment of mental health, stroke, heart failure, dizziness, vertigo, nausea, ringing in the ears, breathing problems, abdominal and chest pain, urinary problems and effects on speech and headaches. *Id*. at ¶ 29(c). Although Defendants contend the allegations do not demonstrate that "*these* Plaintiffs' health or safety is likely to be substantially harmed if the proposed turbines are not enjoined," *see* Reply at p. 6, the Court disagrees. Construing the allegations of the Complaint as true, the Plaintiffs' close proximity to the turbines potentially subjects them to a multitude of adverse health effects alleged to be associated with noise emissions from IWECS. While Plaintiffs may or may not ultimately be able to meet their burden of proof, at the pleading stage, Plaintiffs have adequately stated a plausible claim for anticipatory nuisance.

### 3. Anticipatory Trespass

Defendants also seek dismissal of Plaintiffs' claim for anticipatory trespass. Under Oklahoma law, a trespass is "an actual physical invasion of the real estate of another without the permission of the person lawfully entitled to possession." *Williamson v. Fowler Toyota, Inc.*, 956 P2d 858, 862 (Okla. 1998). Defendants contend that "[n]oise is not a physical trespass." *See* Defendants' Motion at p. 18 (*citing Beal v. Westen Farmers Elec. Co-op*, 228 P.3d 538, 541 (Okla. Civ. App. 2009)). In response, Plaintiffs contend that where an "intangible intrusion" like noise causes "physical damage to the real property," a trespass claim is actionable. *See* Response at p. 13 (*citing Beal*, 228 P.3d at 541).

Plaintiffs do not, however, allege any facts to demonstrate physical damage to the real property so as to constitute an invasion of Plaintiffs' possessory interests. *Beal*, 228 P.3d at 541. Instead, Plaintiffs contend the wind farm will interfere with their ability to use their property as they

see fit.  *See* Response at p. 13.  Such allegations are insufficient to state a claim for anticipatory trespass. *Compare Williams v. Invenergy, LLC*, Case No. 3:13-cv-01391-AC, 2014 WL 7186854 at *19 (D. Or. Dec. 16, 2014) (unpublished op.) (applying Oregon law and granting dismissal of trespass claim where the plaintiff "allege[d] no physical consequence to his property" but alleged only that wind farm's "vibration, lights, and noise affected his personal comfort and convenience").[2]

Plaintiffs alternatively request leave to further amend the Complaint to allege that the wind turbines "naturally kill airborne animals (such as birds and bats) which will fall onto Plaintiffs' properties" and that ice will accumulate on the blades which will be "thrown off when the turbines begin to rotate." *See* Response at p. 14.  Leave to amend is denied as futile.  *See Fields v. City of Tulsa*, 753 F.3d 1000, 1012 (10th Cir. 2014) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (internal quotations and citation omitted). Even if these additional allegations were made, the allegations do not plausibly demonstrate resulting physical damage to the real property sufficient to give rise to a claim for trespass. Nor do these additional allegations plausibly demonstrate the requisite irreparable injury, that cannot be compensated by money damages, as necessary for the injunctive relief sought.

### 4.      Class Action Allegations

Defendants challenge the sufficiency of Plaintiffs' class allegations. Class actions are governed by Fed. R. Civ. P. 23. "If the complaint adequately alleges each required element of Rule 23, courts generally refrain from dismissing the class action allegations and defer a ruling on the issue of class certification until the plaintiff is given the opportunity to conduct class discovery and

---

[2]Similar to Oklahoma law, Oregon law defines a trespass to include "any intrusion which invades the possessor's protected interest in exclusive possession." *See Williams, id.* at *19.

the parties have fully briefed the issue of class certification." *Lindley v. Life Investors Ins. Co. of America*, Nos. 08-CV-0379-CVE and 09-CV-429-CVE, 2010 WL 944180 at *3 (N.D. Okla. March 11, 2010) (unpublished op.).

Rule 23(a) includes the following requirements: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there is a question of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). Fed.R.Civ.P. 23(a). Defendants seek dismissal of the class allegations on the following two grounds: (1) the proposed class is not presently ascertainable; and (2) the allegations of numerosity are deficient.

The Complaint defines the putative class as follows:

> All persons owning real property in Kingfisher and Canadian Counties Oklahoma who reside on or own property within three (3) miles of a planned Industrial Wind Turbine to be constructed by Defendants and have not waived by agreement any nuisance or trespass claim against Defendants. This class includes such individuals regardless of whether they reside on or own property within the municipal boundaries of a town or city.

*See* Complaint, ¶ 54. Defendants contend that the planned wind turbines do not yet have any definite location and, therefore, it is impossible to determine the persons who may or may not be within the proposed class. However, the Complaint alleges the individual Plaintiffs "live and own property within the immediate vicinity, at least within three (3) miles of Defendants' currently planned IWECS." *See* Complaint, ¶ 36. Accepting these allegations as true, the IWECS have a "planned" location and, therefore, the proposed class is presently ascertainable. To the extent Defendants have

evidence to refute the allegations, such evidence raises factual matters not presently before the Court.

Defendants further contend the class is not presently ascertainable because the Court would have to conduct individualized fact-finding to determine whether any proposed class member has waived by agreement any nuisance or trespass claim against Defendants. But, as Plaintiffs point out, class certification is proper even where certain individuals are excluded from the class definition. *See* Plaintiffs' Response at pp. 15-16. While later fact-finding may demonstrate a need to redefine the class, a dismissal of the class action allegations on this basis is premature.

Defendants also contend the allegations of the Complaint do not plausibly demonstrate that the class is so numerous that joinder of all members is impracticable. The Court agrees that the Complaint does not identify the approximate number of people who own land in the relevant area. Furthermore, the Complaint makes only a conclusory allegation that "[t]he members of the class are so numerous that joinder of all the individual members is impracticable." *See* Complaint, ¶ 55. Such "formulaic recitations" of Rule 23(a)'s requirements does not suffice. *Twombly*, 550 U.S. at 555.

Plaintiffs have not expressly requested leave to amend to allege facts to support Rule 23(a)'s numerosity requirement. However, in their response, Plaintiffs' state they will show through their class certification briefing that approximately three hundred turbines will be included in the wind farm and that those turbines will "impact hundreds of individuals who live within three (3) miles of the turbines." *See* Response at pp. 16-17. It appears, therefore, that Plaintiffs may be able to allege sufficient facts to plausibly demonstrate the numerosity requirement of Rule 23(a). Accordingly, the Court finds the class allegations should be dismissed for failure to state a claim upon which relief

can be granted, but that Plaintiffs are granted leave to amend to address the class allegation deficiencies.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is GRANTED in part and DENIED in part as follows:

1)  Defendants' Motion is GRANTED as to claims brought by Plaintiff Oklahoma Wind Action Association on grounds the Complaint does not allege facts to plausibly support associational standing, but Plaintiffs are granted leave to file an amended complaint to allege additional facts regarding associational standing as more fully set forth herein.

2)  Defendants' Motion is GRANTED as to Plaintiffs' anticipatory trespass claim (Complaint, Count II) and the claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

3)  Defendants' Motion is GRANTED as to Plaintiffs' Class Allegations pursuant to Fed. R. Civ. P. 12(b)(6), but Plaintiffs are granted leave to file an amended complaint to allege facts regarding the numerosity requirement of Fed. R. Civ. P. 23(a) as more fully set forth herein.

4)  Defendants' Motion is DENIED in all other respects.

IT IS FURTHER ORDERED that if Plaintiffs choose to file an amended complaint, they must do so no later than twenty-one (21) days from the date of this Order. Defendants shall respond to the amended complaint within the deadlines prescribed by the Federal Rules of Civil Procedure and the Local Civil Rules.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Hearing on Defendants' Motion to Dismiss [Doc. No. 39] is DENIED as moot.

IT IS SO ORDERED this __26th__ day of January, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE