## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TERRA WALKER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-914-D |
| | ) | |
| APEX WIND CONSTRUCTION, | ) | |
| LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTAIN DEFENDANTS' PARTIAL MOTION
## TO DISMISS AND SUPPORTING BRIEF

Certain Defendants[1] move the Court under Rules 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiffs' Amended Complaint [Doc. #45] in part. Plaintiffs' anticipatory trespass claim should be dismissed because the potential, alleged trespasses Plaintiffs complain of—ice throw and mechanical failure—are too speculative to support a permanent injunction, the only relief Plaintiffs seek here. Additionally, the individual Plaintiffs purport to bring claims on behalf of themselves and "others similarly situated," but the Amended Complaint does not contain any class action allegations or identify any other basis by which the individual Plaintiffs could assert the rights of non-parties. Therefore, the trespass claim and any class action or other representative claims asserted by the individual Plaintiffs in the Amended Complaint should be dismissed.

---

[1] All named Defendants other than Kingfisher Wind Land Holdings, LLC bring this motion.

## **Introduction**

Plaintiffs filed this action to enjoin the construction of a proposed wind farm that will be located on private property in Canadian and Kingfisher Counties.  Plaintiffs assert claims for anticipatory nuisance and anticipatory trespass.  Defendants previously moved to dismiss Plaintiffs' Original Complaint under Rules 12(b)(1) and (b)(6).  The Court granted that motion in part and denied it in part.  *See* Doc. #43.  As relevant to the present motion, the Court dismissed Plaintiffs' anticipatory trespass claim and class action allegations for failure to state a claim upon which relief can be granted, but allowed Plaintiffs' leave to amend to cure the pleading deficiencies if they could do so.

In their Amended Complaint, Plaintiffs reassert their anticipatory trespass claim.  Although they now identify a theoretical, potential physical invasion of their property that could be attributable to wind turbines, Plaintiffs allegations are too speculative to state a plausible claim for anticipatory trespass.  Therefore, the anticipatory trespass claim should be dismissed without leave to amend.

Additionally, although the Court granted them leave to do so, Plaintiffs did not amend their class action allegations.  However, the individual Plaintiffs still purport to represent themselves and "other similarly situated."  (Amended Complaint, ¶¶ 4-10).  The Amended Complaint does not contain any other allegations that suggest the individual Plaintiffs may represent non-parties in this litigation.  Therefore, to the extent the individual Plaintiffs purport to assert any such representative claims, those claims should be dismissed.

15037093_1

## Argument

**A.**   **Plaintiffs' allegations are too speculative to support an anticipatory trespass claim.**

A trespass is an actual, physical invasion of the real property of another without any right or invitation.  *Williamson v. Fowler Toyota, Inc.*, 956 P.2d 858, 862 (Okla. 1998).  A threatened (or anticipatory) trespass may only be enjoined if it is likely to occur in the near future and Plaintiffs have no adequate remedy at law.  *See generally Sharp v. 251st Street Landfill, Inc.*, 925 P.2d 546, 549 (Okla. 1996) (stating that "a mere fear or apprehension of injury" is not sufficient to support an injunction); *Angier v. Mathews Exploration Corp.*, 905 P.2d 826, 830 (Okla. Civ. App. 1995) (allowing permanent injunction when no adequate remedy at law).

In their Amended Complaint, Plaintiffs allege that, "if conditions are right," wind turbines can accumulate ice over the winter which allegedly can be thrown up to 1000 feet from the turbine.  (Amended Complaint, ¶ 48).  Additionally, Plaintiffs allege "there have been reports" of wind turbines suffering a mechanical failure and allegedly throwing pieces or parts of the wind turbine up to a mile.  (Amended Complaint, ¶ 49).  From these general, anything-is-possible allegations, Plaintiffs conclude that operation of the proposed wind turbines "will result" in ice and parts being thrown from the wind turbines onto Plaintiffs' properties and that such anticipated intrusions will amount to a continuing trespass.  (Amended Complaint, ¶¶ 64-65).

The latter allegations are the type of unsupported conclusions that need not be accepted as true under *Twombly*.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)

(stating courts should not accept as true mere labels and conclusions masked as factual allegations).  The well-pleaded allegations in the Amended Complaint suggest only that it is possible the wind turbines might, if certain conditions are present or the turbines malfunction, occasionally throw ice or parts onto Plaintiffs' property.  In its previous order, the Court concluded "[t]hese allegations would, standing alone, likely be insufficient to withstand a motion to dismiss."  *See* Order, at 9 [Doc. #43].  Plaintiffs have not added any well-pleaded allegations to their Amended Complaint that would make this Court's conclusion any less true now.

Based on the allegations contained in the Amended Complaint, it is simply not plausible that ice or parts of the turbines will be repeatedly or continually thrown onto Plaintiffs' property in a manner that substantially interferes with Plaintiffs' possession of their property.  Plaintiffs would have to make that showing to obtain a permanent injunction.  *See, e.g., Sharp*, 925 P.2d at 552 (holding permanent injunction only appropriate when "business cannot be conducted in any manner at place where situated without constituting a substantial injury to adjoining or nearby property owners."); *see also Lambert v. Holmberg*, 712 N.W.2d 268, 275-77 (Neb. 2006) (declining to enjoin continuing trespass because it did not substantially interfere with the plaintiffs' possessory rights).  Because the Amended Complaint does not plausibly suggest Plaintiffs can prevail on their anticipatory trespass claim, that claim should be dismissed.

Moreover, Plaintiffs should not be allowed further leave to amend their anticipatory trespass allegations.  As this Court has previously explained, "[r]epeated failure to cure deficiencies by amendment is itself grounds for denying leave to amend."

4

*Architects Collective v. Gardner Tanenbaum Group, L.L.C.*, No. CIV-08-1354-D, 2010 WL 2721401, at 4-5 (W.D. Okla. July 6, 2010) (unpublished) (quotation omitted).  As in *Architects Collective*, Defendants' prior motion to dismiss and the Court's order discussed what was required to adequately plead a claim for anticipatory trespass.  *See id.* at *5.  Therefore, Plaintiffs should not be given a third attempt to adequately plead their trespass claim.

**B.      The individual Plaintiffs cannot assert class-action or other representative claims.**

In the Amended Complaint, the individual Plaintiffs purport to represent themselves and "others similarly situated."  (Amended Complaint, ¶¶ 4-10).  The general rule is that a person must be a party to the lawsuit before the Court's judgment can bind him.  *See Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2379-80 (2011).  Additionally, "[a]n action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a)(1).  Absent the class action device or some other special relationship or circumstance, the individual Plaintiffs cannot represent non-parties in this litigation.  The Amended Complaint does not contain any class action allegations, nor does it identify any other basis by which the individual Plaintiffs could represent non-parties.  Therefore, any class action or other representative claims asserted in the Amended Complaint by the individual Plaintiffs should be dismissed.

## Conclusion

For these reasons, the Court should dismiss Plaintiffs' anticipatory trespass claim without leave to amend and dismiss any class action or other representative claims asserted by the individual Plaintiffs in the Amended Complaint.

*/s/ J. Todd Woolery*
Tim Bomhoff, OBA #13172
J. Todd Woolery, OBA #18882
Jodi Cole, OBA #22107
Patrick L. Stein, OBA #30737
MCAFEE & TAFT A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102-7103
Telephone:  (405) 235-9621
Facsimile:  (4050 235-0439
tim.bomhoff@mcafeetaft.com
todd.woolery@mcafeetaft.com
jodi.cole@mcafeetaft.com
patrick.stein@mcafeetaft.com

**Attorneys for Defendants Apex Wind Construction, LLC, Apex Clean Energy, Inc., Apex Clean Energy Holdings, LLC, Kingfisher Wind, LLC, Kingfisher Transmission, LLC, Campbell Creek Wind, LLC, and Campbell Creek Wind Transmission, LLC**

6

## CERTIFICATE OF SERVICE

This certifies that on the 11th day of March, 2015, the above document was transmitted to the Clerk of Court using the ECF System for filing and a Notice of Electronic Filing will be automatically transmitted to the following ECF registrants:

Dallas L.D. Strimple
Jason B. Aamodt
Deanna L. Hartley
Krystina E. Phillips
Indian and Environmental Law Group, PLLC
1723 East 15th Street, Suite 100
Tulsa, OK 74104

**Attorneys for Plaintiffs**

Thomas G. Wolfe
Clayton D. Ketter
Phillips Murrah
Corporate Tower, 3rd Fl.
101 N. Robinson
Oklahoma City, OK 73102

**Attorneys for Defendant**
**Kingfisher Wind Land Holdings, LLC**

*/s/ J. Todd Woolery*
J. Todd Woolery

15037093_1