# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

TERRA WALKER, et al.,              )
                                   )
           Plaintiffs,             )
                                   )
vs.                                )    Case No. CIV-14-914-D
                                   )
APEX WIND CONSTRUCTION,            )
LLC, et al.,                       )
                                   )
           Defendants.             )

## ANSWER OF DEFENDANT APEX CLEAN ENERGY HOLDINGS, LLC

Defendant Apex Clean Energy Holdings, LLC ("Apex Holdings") for its Answer to Plaintiffs' Amended Complaint [Doc. #45], denies each and every allegation contained therein except as to such allegations hereinafter admitted. For further Answer, utilizing the same paragraph numbering as utilized in the Amended Complaint, Apex Holdings alleges and states:

1. Denied.

2. Admitted, insofar as the allegations contained in this paragraph pertain to Apex Holdings. Apex Holdings lacks sufficient information to admit or deny the citizenship of the other Defendants.

3. Admitted.

4. Apex Holdings lacks sufficient information to admit or deny.[1]

---

[1] In paragraphs 4-10 of the Amended Complaint, the individual Plaintiffs purport to bring this lawsuit on behalf of themselves and others similarly situated. However, the Court dismissed class action allegations contained in Plaintiff's Original Complaint, *see* Doc. #43, at 9-11, and Plaintiffs omitted class-action allegations from their Amended

5. Apex Holdings lacks sufficient information to admit or deny.

6. Apex Holdings lacks sufficient information to admit or deny.

7. Apex Holdings lacks sufficient information to admit or deny.

8. Apex Holdings lacks sufficient information to admit or deny.

9. Apex Holdings lacks sufficient information to admit or deny.

10. Apex Holdings lacks sufficient information to admit or deny.

11. Apex Holdings lacks sufficient information to admit or deny.

12. Apex Holdings lacks sufficient information to admit or deny.

13. Apex Holdings lacks sufficient information to admit or deny.

14. Apex Holdings lacks sufficient information to admit or deny.

15. Apex Holdings lacks sufficient information to admit or deny who created Plaintiff OWAA or the purpose of Plaintiff OWAA. The remaining allegations are denied.

16. Apex Holdings admits that Defendant Apex Wind Construction, LLC is a Delaware limited liability company, that it maintains its principal place of business in Charlottesville, Virginia, and that it is authorized to do business in Oklahoma. The remaining allegations are denied.

17. Apex Holdings admits that Defendant Apex Clean Energy, Inc. is a Virginia corporation, that it maintains its principal place of business in Charlottesville,

---

Complaint. Therefore, the individual Plaintiffs should not be allowed to assert the rights of others.

2

15032032_1

Virginia, and that it is authorized to do business in Oklahoma. The remaining allegations are denied.

18. Apex Holdings admits that it is a Delaware limited liability company, that it maintains its principal place of business in Charlottesville, Virginia, and that it is authorized to do business in Oklahoma. The remaining allegations are denied.

19. Apex Holdings admits that Defendant Kingfisher Wind, LLC is a Delaware limited liability company that is authorized to do business in Oklahoma. The remaining allegations are denied.

20. Apex Holdings admits that Defendant Kingfisher Wind, LLC previously conducted business as Canadian County Wind, LLC but denies the remaining allegations.

21. Apex Holdings admits, upon information and belief, that Defendant Kingfisher Wind Land Holdings, LLC is a Delaware limited liability company and that it is authorized to do business in Oklahoma. The remaining allegations are denied.

22. Apex Holdings admits that Defendant Kingfisher Transmission, LLC was a Delaware limited liability company and that it maintained its principal place of business in Charlottesville, Virginia. Apex Holdings further admits Kingfisher Transmission, LLC merged into Kingfisher Wind, LLC. The remaining allegations are denied.

23. Apex Holdings admits that Defendant Campbell Creek Wind, LLC is a Delaware limited liability company, that it maintains its principal place of business in Charlottesville, Virginia, and that it is authorized to do business in Oklahoma. The remaining allegations are denied.

24. Apex Holdings admits that Defendant Campbell Creek Wind Transmission, LLC is a Delaware limited liability company, that it maintains its principal place of business in Charlottesville, Virginia, and that it is authorized to do business in Oklahoma. The remaining allegations are denied.

25. This paragraph contains a general legal conclusion regarding the degree to which wind energy production is regulated under Oklahoma and federal laws. Accordingly, no response from Apex Holdings should be required. To the extent a response is required, any allegation is denied.

26. Apex Holdings admits the allegations as a general matter but deny such allegations are true for all wind energy production or all wind turbines.

27. Apex Holdings admits that, in 2008, Kingfisher Wind, LLC began negotiating lease agreements with private, rural landowners in Canadian and Kingfisher Counties in connection with a project to build and operate one or more commercial wind farm(s). The remaining allegations are denied.

28. Apex Holdings lacks sufficient information to admit or deny the first sentence in this paragraph. Apex Holdings admits that, beginning in 2012, certain persons and groups contacted various municipal governments in opposition to Kingfisher Wind's proposed wind farm. Apex Holdings also admits certain persons alleged that the proposed wind farm would adversely affect neighboring landowners' health and property values, but Apex Holdings denies the validity of those allegations.

15032032_1

29. Apex Holdings admits certain citizens of Canadian and Kingfisher Counties have contacted certain county and state government officials in opposition to Kingfisher Wind's proposed wind farm. The remaining allegations are denied.

30. Apex Holdings admits that the City of Piedmont adopted Ordinance 581 and Ordinance 581 speaks for itself and any allegations to the contrary are denied. Apex Holdings denies the characterization of Ordinance 581 being a response to "citizen concerns."

31. Apex Holdings admits that the City of Piedmont adopted Ordinance 591 and Ordinance 591 speaks for itself and any allegations to the contrary are denied. Apex Holdings denies the City of Piedmont's Ordinance 591 was a proper exercise of the City's authority under 50 Okla. Stat. § 16 and further denies the characterization of Ordinance 591 being a response to "concerns."

32. Denied.

33. Apex Holdings admits that Defendants Kingfisher Wind, LLC and Apex Clean Energy, Inc. reached an agreement with the City of Piedmont. Apex Holdings further admits that thereafter the City of Piedmont repealed Ordinance 591.

34. Apex Holdings admits Kingfisher Wind, LLC continued to enter into lease agreements with private, rural landowners in Canadian and Kingfisher Counties after reaching an agreement with the City of Piedmont. The remaining allegations are denied.

35. Apex Holdings admits that some of the lease agreements Kingfisher Wind executed with rural landowners after it settled its dispute with the City of Piedmont covered land in Kingfisher County. The remaining allegations are denied.

15032032_1

36. Apex Holdings admits that the Kingfisher City Council held multiple city council meetings where the proposed wind farm was discussed. Apex Holdings denies Kingfisher Wind's proposed wind farm will adversely affect the community in and around the City of Kingfisher. Apex Holdings lacks sufficient information to admit or deny the remaining allegations.

37. Apex Holdings admits that Kingfisher Wind made a presentation to the Kingfisher City Council regarding the proposed wind farm on April 24, 2014. Apex Holdings further admits that Scott Green, Ph.D., a professor at the University of Oklahoma, spoke at that meeting concerning whether wind turbines adversely impact the health or safety of nearby residents. Apex Holdings denies Plaintiffs' characterization of Dr. Green's statements. The remaining allegations are denied.

38. Apex Holdings admits Kingfisher Wind has negotiated with the City of Kingfisher regarding the location of its proposed wind turbines in relation to the City of Kingfisher. The remaining allegations are denied.

39. Apex Holdings lacks sufficient information to admit or deny.

40. Apex Holdings lacks sufficient information to admit or deny.

41. Denied.

42. Apex Holdings admits that, as of the date this Answer is filed, Kingfisher Wind intends to begin construction on or about March 16, 2015. The remaining allegations are denied.

43. Apex Holdings admits that Kingfisher Wind currently intends to construct wind turbines in rural Canadian and Kingfisher Counties that will measure less than four

hundred-ninety nine (499) feet, as measured from the ground to the highest tip of the turbine blade. Apex Holdings lacks sufficient information to admit or deny the remaining allegations.

44. Denied.

45. Denied.

46. Apex Holdings admits Kingfisher Wind reached an agreement with the City of Piedmont and Town of Okarche which generally provide that the turbines will be set back at least fifteen hundred (1500) feet from the residence of any non-participating landowner. The remaining allegations are denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied. Defendant Apex Wind Construction, LLC was the construction manager for the Canadian Hills Wind Farm under a construction management agreement with non-party Canadian Hills Wind, LLC.

51. Apex Holdings lacks sufficient information to admit or deny.

52. Apex Holdings lacks sufficient information to admit or deny.

53. Apex Holdings lacks sufficient information to admit or deny.

54. Apex Holdings denies that any infra or low-frequency sound attributable to wind turbines has a long history of causing adverse effects to the human body or mind. The remaining allegations are apparently intended as general background and are couched as possibilities. Such allegations are not directed at any Defendant or the

particular wind turbines that will allegedly be constructed here. As a result, no response to such general allegations should be required. To the extent a response from Apex Holdings is required, such allegations are denied.

55. Denied.

56. Denied.

57. Apex Holdings admits that, under certain conditions, the rotating blades of a wind turbine will cast shadow, an effect sometimes referred to as "shadow flicker." The remaining allegations are denied.

58. This paragraph is an incorporation paragraph that requires no response.

59. Denied.

60. Denied.

61. Denied.

62. This paragraph is an incorporation paragraph that requires no response.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. This paragraph is an incorporation paragraph that requires no response.

68. Denied.

69. Denied.

70. Denied.

71.     Apex Holdings admits there is a public interest in protecting the rights of individuals to be secure in their own property and health. The remaining allegations are denied.

### Other Issues

Apex Holdings admits that, as of the date this answer is filed, Kingfisher Wind intends to begin construction on or about March 16, 2015. Apex Holdings lacks sufficient information to admit or deny whether the bond necessary to obtain a preliminary injunction would be cost prohibitive for Plaintiffs to obtain. Apex Holdings opposes Plaintiff's request for an accelerated scheduling order that would have the Court determine the merits of this case before Kingfisher Wind begins construction of the project. Significant discovery and factual development will be required before Plaintiffs' claims can be adjudicated on the merits.

### Reservation of Claims

Kingfisher Wind contends that Plaintiff's purported reservation of claims is improper and of no effect. Whether Plaintiffs may later pursue any other claims arising out of the allegations giving rise to this lawsuit will be a function of the preclusion doctrines and other applicable law.

### Demand for Jury Trial

Whether Plaintiffs have a right to trial by jury in federal court is governed by federal law, even in diversity cases. *Simler v. Conner*, 372 U.S. 221, 222 (1963). Here, the only relief requested by the Amended Complaint is a permanent injunction against the construction of the proposed wind farm(s). Because Plaintiffs seek only equitable relief,

they do not have a right to a jury trial in federal court. *See Elm Ridge Exploration Co., LLC v. Engle*, 721 F.3d 1199, 1221-22 (10th Cir. 2013); *Innis Arden Golf Club v. Pitney Bowes, Inc.*, 541 F. Supp. 2d 480, 485 (D. Conn. 2008) (holding no right to jury trial for nuisance and trespass claims when only relief sought was equitable).

## Defenses

1. Plaintiffs have failed to state a claim upon which relief can be granted.[2]

2. Plaintiffs' claims are not ripe for adjudication.

3. Plaintiffs may have failed to join necessary or indispensable parties.

4. Plaintiff's claims may be barred, in whole or in part, by waiver or estoppel.

5. Plaintiff OWAA does not have standing.

6. Apex Holdings is not a proper party to this suit.

7. Kingfisher Wind's wind farm will not adversely impact the health or safety of neighboring landowners.

8. Plaintiffs will not suffer irreparable injury if Kingfisher Wind constructs and operates its wind farm.

9. Public policy promotes the creation and operation of renewable energy sources.

---

[2] Contemporaneously with the filing of this Answer, Apex Holdings and other Defendants are filing a motion to dismiss certain of Plaintiffs' claims. The filing of this Answer should not be construed as waiving the arguments contained in that motion. *See General Mills, Inc. v. Kraft Foods Global, Inc.*, 495 F.3d 1378, 1380 (Fed. Cir. 2007) (stating that a defendant responding to an amended complaint "may simply file a Rule 12(b) motion and then answer before the deadline.").

10. Public policy favors the rights of rural landowners to use and develop their property without unreasonable interference from their neighbors.

11. The balance of equities favors construction and operation of the proposed wind farm(s) over any alleged harm that may be suffered by Plaintiffs, if any.

12. Kingfisher Wind will operate its wind farm in accord with all applicable local, state and federal rules, regulations and laws.

13. Kingfisher Wind will operate its wind farm in accord with applicable industry standards.

## **Prayer for Relief**

Therefore, Apex Holdings requests the Court enter judgment in its favor and against Plaintiffs on all Plaintiffs' claims. Apex Holdings also requests the Court award it any costs, attorney's fees, or other relief to which it may be entitled.

*/s/ J. Todd Woolery*
Tim Bomhoff, OBA #13172
J. Todd Woolery, OBA #18882
Jodi Cole, OBA #22107
Patrick L. Stein, OBA #30737
MCAFEE & TAFT A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102-7103
Telephone: (405) 235-9621
Facsimile: (4050 235-0439
tim.bomhoff@mcafeetaft.com
todd.woolery@mcafeetaft.com
jodi.cole@mcafeetaft.com
patrick.stein@mcafeetaft.com

15032032_1

**Attorneys for Defendants Apex Wind Construction, LLC, Apex Clean Energy, Inc., Apex Clean Energy Holdings, LLC, Kingfisher Wind, LLC, Kingfisher Transmission, LLC, Campbell Creek Wind, LLC, and Campbell Creek Wind Transmission, LLC**

15032032_1

# CERTIFICATE OF SERVICE

This certifies that on the 11th day of March, 2015, the above document was transmitted to the Clerk of Court using the ECF System for filing and a Notice of Electronic Filing will be automatically transmitted to the following ECF registrants:

Dallas L.D. Strimple
Jason B. Aamodt
Deanna L. Hartley
Krystina E. Phillips
Indian and Environmental Law Group, PLLC
1723 East 15th Street, Suite 100
Tulsa, OK 74104

**Attorneys for Plaintiffs**

Thomas G. Wolfe
Clayton D. Ketter
Phillips Murrah
Corporate Tower, 3rd Fl.
101 N. Robinson
Oklahoma City, OK 73102

**Attorneys for Defendant**
**Kingfisher Wind Land Holdings, LLC**

 */s/ J. Todd Woolery*
J. Todd Woolery