## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

TERRA WALKER, *et al.*,  )
                                 )

        Plaintiffs,  )

v.  )       Case No. CIV-14-914-D

                                 )

APEX WIND CONSTRUCTION,  )
LLC, *et al*.,  )

        Defendants.  )

## O R D E R

Plaintiffs filed a class action complaint on August 27, 2014, and identified therein 28 U.S.C. § 1332(d)(2)(A) as the basis for this Court's exercise of subject matter jurisdiction. *See* Complaint [Doc. No. 1] at ¶ 2. But certain Defendants challenged the sufficiency of Plaintiffs' class action allegations and the Court determined those allegations were deficient. The Court, however, granted Plaintiffs leave to amend to cure the deficiencies. *See* Order [Doc. No. 43].

On February 25, 2015, Plaintiffs filed an Amended Complaint [Doc. No. 45] and omitted the class action allegations.[1] The Amended Complaint alleges that "Plaintiffs are all Oklahoma citizens while Defendants are all citizens of another state" *see id*., ¶ 2, purporting to rely on 28 U.S.C. § 1332(a) as the basis for diversity jurisdiction.[2]

---

[1]Certain Defendants have now filed a Partial Motion to Dismiss and Supporting Brief [Doc. No. 46] as to Plaintiffs' Amended Complaint. Defendants move to dismiss any "class action or other representative claims asserted in the Amended Complaint[.]" *See id*. at p. 5. In response, Plaintiffs affirmatively represent that they are not bringing any class claims and that any language in the Second Amended Complaint purporting to bring claims on behalf of "others similarly situated" was included through inadvertence and is simply a scrivener's error. *See* Plaintiffs' Response [Doc. No. 56] at pp. 6-7.

[2]Unlike 28 U.S.C. § 1332(a) which requires complete diversity of citizenship between the parties, § 1332(d)(2)(A) requires only that "[a]ny member of a class of plaintiffs is a citizen of a
(continued...)

However, Plaintiffs' allegations identify only where each plaintiff "resides and owns property." *See* Amended Complaint, ¶¶ 4-10. These allegations are insufficient to establish diversity jurisdiction. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, – F.3d –, 2015 WL 1430335 at *5 (10th Cir. March 31, 2015) (for publication) ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship"*).*

Moreover, Plaintiffs' allegations as to the citizenship of each defendant are insufficient to establish diversity jurisdiction. Particularly, the Court notes that eight of the defendants are limited liability companies. As to each of the limited liability companies, Plaintiffs fail to identify the members, or the citizenship of each member. *See* Amended Complaint, ¶¶ 16, 18, 19, 20, 21, 22, 23 and 24. The citizenship of a limited liability company is determined by reference to its members. *See Siloam Springs Hotel,* 2015 WL 1430335 at *4 (joining "all other circuits that have considered the matter" and holding that a limited liability company " takes the citizenship of all its members").

In this regard, the Court has reviewed the disclosure statements filed by Defendants [Doc. Nos. 25,26,27,28,29,30, 31,35 and 38]. Of particular note is the Amended Disclosure Statement [Doc. No. 38] filed under seal by Defendant Apex Clean Energy Holdings, LLC (Apex Holdings, LLC).[3] The Amended Disclosure Statement fails to sufficiently identify the citizenship of Apex Holdings, LLC. Moreover, Defendant Apex Holdings, LLC is listed as the sole member of three

---

[2](...continued)
State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see also Mississippi ex rel. Hood v. AU Optronics Corp*., 134 S.Ct. 736, 740 (2014) (addressing expansion of diversity jurisdiction under CAFA and the "minimal diversity" requirement of § 1332(d)(2)(A)).

[3]The Disclosure Statement is erroneously titled: "Defendant Apex Wind Construction LLC's Amended Disclosure Statement" but the body of the disclosure statement correctly identifies the disclosure as made on behalf of "Apex Clean Energy Holdings, LLC."

other Defendants, also limited liability companies. The present factual record, therefore, is insufficient to establish the existence of subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

Accordingly, Plaintiffs are directed to file a Second Amended Complaint that alleges a sufficient factual basis for diversity jurisdiction within fourteen (14) days of the date of this Order. Upon the filing of a Second Amended Complaint, Defendants' pending partial motion to dismiss [Doc. No. 54] will be rendered moot. Defendants may refile a motion to dismiss to address the allegations of the Second Amended Complaint. Defendants shall refile any motion to dismiss within fourteen (14) days of the filing of the Second Amended Complaint. Further, Defendants shall ensure that their disclosure statements comply with Fed. R. Civ. P. 7.1, or for limited liability companies, LCvR 7.1.1, and file amended disclosure statements as appropriate. Any amended disclosure statements shall be filed within seven (7) days of the date of this Order.

IT IS SO ORDERED this 8th day of April, 2015.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE