# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRA WALKER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-14-914-D |
| | ) |
| APEX WIND CONSTRUCTION, | ) |
| LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **O R D E R**

The Court previously entered its Order [Doc. No. 71] directing the parties to show cause why this action should not be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a). The Court's order was prompted by the Amended Corporate Disclosure Statement of Kingfisher Land Holdings, LLC [Doc. No. 70] which demonstrates complete diversity is lacking.

On May 13, 2015, the parties submitted their Joint Response to Court's Order to Show Cause [Doc. No. 84]. Prior to submitting a response to the Court's show cause order, the parties filed a Stipulation of Voluntary Dismissal of Kingfisher Wind Land Holdings, LLC, Without Prejudice [Doc. No. 72] pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). The parties also filed a Stipulation of Voluntary Dismissal of Certain Defendants Without Prejudice [Doc. No. 83] pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). As to the latter stipulation, the parties dismissed Plaintiffs' claims against Defendants Apex Wind Construction, LLC, Apex Clean Energy, Inc., Apex Clean Energy Holdings, LLC, Kingfisher Transmission, LLC, Campbell Creek Wind, LLC and Campbell Creek Wind Transmission, LLC.[1]

---

[1] At the time the parties filed the stipulation, supplementation to the disclosure statement by Defendant Apex Clean Energy Holdings, LLC remained outstanding. In the parties' Joint Response,
(continued...)

In their Joint Response, the parties state that "[b]efore Defendant Kingfisher Wind Land Holdings, LLC filed its Amended Disclosure Statement, the Parties had been in negotiations to dismiss many of the Defendants and limit the action to the real parties at issue." *See id*. at p. 3, ¶ 6. Defendants then rely on an allegation made in their initial motion to dismiss that "'Defendant Kingfisher Wind, LLC is the entity that holds the wind leases and intends to build the wind turbines in question.'" *See id.* (*quoting* Motion to Dismiss [Doc. No. 15] at 10, footnote 10). Based on the foregoing, the parties state that they have agreed to dismiss, without prejudice, "Plaintiffs' claims against all Defendants save Defendant Kingfisher Wind, LLC." *Id*.

The parties acknowledge that Defendant Kingfisher Wind Land Holdings, LLC is "apparently" non-diverse, but that its dismissal from the case "cures that jurisdictional defect." *Id*. at p. 4. In support, the parties cite *Ravenswood Inv. Co., L.P. v. Avalon Correctional Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011). The parties do not contend that any of the defendants dismissed pursuant to the joint stipulations are indispensable parties. *See Ravenswood*, 651 F.3d at 1225 (recognizing that "only a party who is dispensable under Fed. R. Civ. P. 19 may be dismissed to achieve complete diversity").

---

[1](...continued)
they state:

> The parties maintain their belief that Apex Clean Energy Holdings, LLC and the other Defendant that traced their citizenship to it were completely diverse from Plaintiffs. However, it may have been necessary to issue subpoenas to third parties in order to prove as much to the Court's satisfaction. Those Defendants were not dismissed for the purpose of manufacturing jurisdiction, but rather to focus the litigation on the real parties in interest and to minimize unnecessary discovery and litigation into jurisdictional issues.

*See* Joint Response at p. 3, footnote 1.

Complete diversity of citizenship exists between Plaintiffs and the only remaining Defendant, Kingfisher Wind, LLC. Accordingly, the Court finds subject matter jurisdiction exists and the action may proceed.

IT IS SO ORDERED this 12th day of June, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE