# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

TERRA WALKER, *et al.*,           )
                                  )
      Plaintiffs,              )
                                  )
v.                                )   Case No. CIV-14-914-D
                                  )
APEX WIND CONSTRUCTION,           )
LLC, *et al.*,                    )
                                  )
      Defendants.              )

## ORDER

Before the Court is Certain Defendants' Partial Motion to Dismiss and Supporting Brief [Doc. No. 74]. At the time of filing the partial motion to dismiss, multiple defendants joined in moving for dismissal. Subsequent to the filing of the motion, all defendants have been voluntarily dismissed from this lawsuit except for Kingfisher Wind, LLC (Kingfisher). The Court, therefore, considers the motion solely as to this remaining defendant. For the reasons set forth below, the Court grants Kingfisher's motion.

## I.   Background

Kingfisher moves to dismiss Plaintiff's claim for injunctive relief based on anticipatory trespass. The Court previously dismissed this claim as raised in Plaintiffs' original complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs did not allege any physical damage to their properties but instead contended the noise generated by the industrial wind turbines at issue in this litigation would interfere with their ability to use their property as they see fit. The Court found these allegations insufficient to state a claim for anticipatory trespass. *See* Order [Doc. No. 43] at pp. 8-9.

Plaintiffs, however, requested leave to amend their complaint to allege – as facts in further support of their claim for anticipatory trespass – that the industrial wind turbines kill airborne animals (such as birds and bats) that will fall onto their properties and that ice will accumulate on the blades and be thrown onto their properties. Plaintiffs contended these facts would support a claim of physical damage to their properties. The Court granted Plaintiffs leave but cautioned that "[t]hese allegations would, standing alone, likely be insufficient to withstand a motion to dismiss." *See* Order at p. 9.

In their Second Amended Complaint [Doc. No. 69], Plaintiffs have alleged that "ice throw" is a "serious concern" regarding the wind turbines. *See* Second Amended Complaint, ¶ 48. Plaintiffs allege that "upon information and belief" ice chunks three-to-four-feet in size are normally thrown up to 1000 feet from the turbines. Plaintiffs rely in part, on the fact that manufacturers warn that the turbines' rotating blades may propel ice fragments up to several hundred meters if conditions are right. *Id*. Plaintiffs further allege that such ice thrown on their properties is a trespass that will continue from year to year. *Id*., ¶ 64. Plaintiffs also allege that "there have been reports" that actual pieces of the turbines may break off due to mechanical failure and may be thrown "as far as a mile from the Industrial Wind Turbine and onto non-participating landowners' properties and homes causing serious damage." *Id*., ¶ 49. Plaintiffs further allege that "[u]pon information and belief, normally such ejections as the result of mechanical failure land within sixteen hundred (1600) feet of the Industrial Wind Turbine." *Id*. Plaintiffs allege the ejection of parts from these mechanical failures is a trespass that will continue from year to year. *Id*., ¶ 65. Plaintiffs Second Amended Complaint includes no allegations regarding anticipatory trespass due to dead birds or bats.

**II.     Governing Standard**

To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.2007) (emphasis in original).[1]

**III.    Failure to State a Claim for Anticipatory Trespass**[2]

Under Oklahoma law, trespass requires an actual physical invasion of the real estate of another. It requires proof of physical damage to real property and not just an intangible intrusion. *Beal v. Western Farmers Elec. Co-op*, 228 P.3d 538, 541 (Okla. Civ. App. 2009). In addition where, as here, injunctive relief is requested, a plaintiff must allege facts to show: 1) actual success on the merits; 2) irreparable harm unless the injunction is issued; 3) the threatened injury outweighs the harm which the injunction may cause to the opposing party; and 4) the injunction, if issued, will not

---

[1] Plaintiffs attach evidentiary materials in support of their response to Kingfisher's partial motion to dismiss. The Court expressly excludes from its consideration these matters outside the pleadings. *See* Fed. R. Civ. P. 12(d).

[2] In moving for dismissal, Kingfisher cites Oklahoma case law recognizing a claim for anticipatory nuisance. *See, e.g., Sharp v. 251st Street Landfill, Inc.*, 925 P.2d 546 (Okla. 1996). Kingfisher assumes, without addressing specifically, that a claim for anticipatory trespass is cognizable under Oklahoma law. As set forth herein, even if such a claim is cognizable, Plaintiffs' allegations fail to state a plausible claim for relief. Therefore the Court similarly assumes, without deciding, that such a claim is cognizable.

adversely affect the public interest. *Fisher v. Oklahoma Health Care Authority*, 335 F.3d 1175, 1180 (10th Cir.2003).

As set forth, Plaintiff's anticipatory trespass claim for injunctive relief is premised on ice throw and mechanical failures of the industrial wind turbines at issue in this litigation.[3] But Plaintiffs' allegations are based on nothing more than speculation and conjecture. While, as a general matter, ice throw from turbines may occur, Plaintiffs make no allegations to show that ice throw is likely to occur as to *these* wind turbines and *their* properties. For example, Plaintiffs do not allege that weather or other conditions affecting these turbines, or in the geographic region within which they are located, make accumulation of ice more likely to occur. Nor do Plaintiffs include any data-based or other statistical allegations concerning the frequency with which ice throw may occur. Thus, there are no facts to demonstrate the ice throw will occur with sufficient frequency to raise the claim above the speculative level. Similarly, Plaintiffs allegations regarding damage from mechanical failures is wholly speculative. There are no factual allegations regarding the frequency with which such mechanical failures occur, or the nature of such potential failures.

To warrant injunctive relief, "a plaintiff's continued susceptibility to injury must be reasonably certain; a court will not entertain a claim for injunctive relief where the allegations

---

[3] In their response, Plaintiffs also contend their claim for anticipatory trespass is premised on a "*de facto* 'no-build' zone in a fifteen hundred foot (1500) radius surrounding the Turbine." *See* Response at p. 4 (*citing* Second Amended Complaint, ¶ 45). Plaintiffs state that in moving for dismissal, Kingfisher "wholly ignores the allegations of [the Second Amended Complaint] regarding the invasions of Plaintiffs' *right to use and enjoy their property*" with respect to this de facto no build zone. *See* Response at p. 5. But as the Court set forth in its prior Order and underscores again here, a claim for trespass requires an actual physical invasion of the real property of another. *See Williamson v. Fowler Toyota, Inc.*, 956 P.2d 858, 862 (Okla. 1998). *See also Beal*, 228 P.3d at 541 (recognizing that a claim for nuisance is premised on an interference with the use and enjoyment of property while a claim for trespass is premised on an interference with the exclusive possession of property).

4

'take[ ][it] into the area of speculation and conjecture.'" *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir.2011) (*quoting O'Shea v. Littleton*, 414 U.S. 488, 497(1974)); *see also Rutter v. Carroll's Foods of the Midwest, Inc.*, 50 F. Supp.2d 876, 885 (N.D. Iowa 1999) (for a claim of anticipatory trespass to succeed, it must "clearly appear" that "an actual physical invasion of property by tangible matter . . . *will necessarily result from* the act that is sought to be enjoined") (emphasis added). The Court concludes that the allegations in the Second Amended Complaint in support of Plaintiffs' anticipatory trespass claim are too speculative, and do not support a plausible claim for injunctive relief. Therefore, Plaintiffs' anticipatory trespass claim is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiffs have not requested leave to further amend the Second Amended Complaint and because the Court has previously granted leave to amend as to the anticipatory trespass claim, the Court finds any further amendment would be futile.[4]

IT IS THEREFORE ORDERED that the Partial Motion to Dismiss [Doc. No. 74] of Defendant Kingfisher Wind, LLC is GRANTED and Plaintiffs' anticipatory trespass claim is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[4]As set forth, the Court has not considered the materials submitted by Plaintiffs in support of their response in addressing Kingfisher's motion to dismiss. But the Court has considered whether those materials would support granting Plaintiffs leave to further amend the complaint as to Plaintiffs' anticipatory trespass claim and finds the materials do not contain any factual matters that would warrant granting such leave.

IT IS SO ORDERED this 12th day of June, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE