# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TERRA WALKER,** *et al.* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. **14-cv-914-D** |
| | ) |
| **KINGFISHER WIND, LLC,** | ) |
| | ) |
| Defendant. | ) |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:       August 6, 2015, 10:00am

Appearing for Plaintiffs:   Dallas L.D. Strimple, OBA No. 30266
                            Indian & Environmental Law Group, PLLC
                            1723 E. 15th Street, Suite 100
                            Tulsa, Oklahoma  74104
                            Telephone:  (918) 347-6169
                            Facsimile:  (918) 398-0514

Appearing for Defendant:  J. Todd Woolery, OBA No. 18882
                            Tim Bomhoff, OBA No. 13172
                            Jodi C. Cole, OBA No. 22107
                            Patrick Stein, OBA No. 30737
                            MCAFEE & TAFT A Professional Corporation
                            Tenth Floor, Two Leadership Square
                            211 North Robinson
                            Oklahoma City, Oklahoma 73102-7103
                            Telephone:  (405) 235-9621
                            Facsimile:  (4050 235-0439
                            tim.bomhoff@mcafeetaft.com
                            todd.woolery@mcafeetaft.com
                            jodi.cole@mcafeetaft.com
                            patrick.stein@mcafeetaft.com

**Jury Trial Demanded ☐  -  Non-Jury Trial ☒**

1. **BRIEF PRELIMINARY STATEMENT**.  State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

   Plaintiff:  Defendant is in the process of constructing Industrial Wind Energy Conversion Systems (herein "IWECS") for the production of electricity in parts of Canadian and Kingfisher counties (herein "Wind Farm").  Construction on the first phase of the Wind Farm began during Spring 2015.  Each of the proposed IWECS is approximately five hundred (500) feet in height.

   Plaintiffs claim Defendant's construction, operation, and maintenance of the Wind Farm will create a nuisance by causing unreasonable inconvenience, interference, annoyance, adverse health effects, and loss of use and value of each Plaintiff's property and the properties of Plaintiff Oklahoma Wind Action Association's members.

   Defendant denies that the construction, operation or maintenance of the Wind Farm will have any adverse affect on Plaintiffs, including but not limited to nuisance.  Defendant further denies that the Wind Farm will cause unreasonable inconvenience, interference, annoyance, adverse health effects, or loss of use or value of each Plaintiff's property.  Defendant further denies that Plaintiff OWAA has standing to pursue claims against Defendant.  Lastly, Defendant denies that Plaintiffs are entitled to injunctive relief.

2. **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

   The Court has found that it has subject matter jurisdiction under 28 U.S.C. § 1332(a).  *See* Doc. #88.  The Parties agree venue lies in this District under 28 U.S.C. §§ 1391(b)(2) & 1441(a).

3. **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. <u>Plaintiff</u>:  Plaintiffs' general, factual contentions are set forth in their Complaint and Preliminary Statement, above; and will be as stated factually at trial.  Plaintiffs make claims for injunctive relief that is valued in excess of $75,000.00.  Plaintiffs' contentions and claims for relief can be categorized as follows:

1. Anticipatory Nuisance

    b. <u>Defendant</u>:

    1. Plaintiffs have failed to state a claim upon which relief can be granted.

    2. Plaintiffs' claims are not ripe for adjudication.

    3. Plaintiffs may have failed to join necessary or indispensable parties.

    4. Plaintiff's claims may be barred, in whole or in part, by waiver or estoppel.

    5. Plaintiff OWAA does not have standing.

    6. Kingfisher Wind's wind farm will not adversely impact the health or safety of neighboring landowners.

    7. Plaintiffs will not suffer irreparable injury if Kingfisher Wind constructs and operates its wind farm.

    8. Public policy promotes the creation and operation of renewable energy sources.

    9. Public policy favors the rights of rural landowners to use and develop their property without unreasonable interference from their neighbors.

    10. The balance of equities favors construction and operation of the proposed wind farm(s) over any alleged harm that may be suffered by Plaintiffs, if any.

    11. Kingfisher Wind will operate its wind farm in accord with all applicable local, state and federal rules, regulations and laws.

    12. Kingfisher Wind will operate its wind farm in accord with applicable industry standards.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
☐ Yes   ☒ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

    a. Plaintiff: Plaintiffs do not anticipate filings any motions other than motions *in limine*, and/or *Daubert* motions.

    b. Defendant: Defendant will file dispositive motion(s) in accordance with the Court's scheduling order. Defendant will also file appropriate motions in limine and *Daubert* motions. Defendant also anticipates the need for a motion for protective order if Plaintiffs requests through discovery information or documents which are confidential and proprietary in nature.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? ☐ Yes ☒ No
If "no," by what date will they be made? August 12, 2015

8. **PLAN FOR DISCOVERY**.

    A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on July 16, 2015.

    B. The parties could not reach an understanding regarding the time anticipated to complete discovery. Plaintiffs believe discovery could be completed in less than a month. Defendant requests, that the parties be given nine months for discovery due to the individualized nature of the issues and given that Plaintiff has represented OWAA to include hundreds of members. Additionally, Plaintiffs have identified several out of state experts, which will necessarily require advanced planning and scheduling for depositions.

    C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? Plaintiffs do not anticipate the need for any discovery prior to ADR. Defendants, however, anticipate that four months of discovery is necessary prior to any ADR, in the event that ADR is agreed to by the parties.

  D.  Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

    ☒ Yes  ☐ No

  E.  Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

    ☒ Yes  ☐ No

    To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

    <u>The parties will submit an agreed protective order to the Court for review and consideration.</u>

  F.  Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.
    _____

9. **ESTIMATED TRIAL TIME**: <u>Plaintiffs believe trial can be completed in three (3) days. Defendants, however, anticipate, that due to the individualized nature of the issues, trial to be 9 – 10 days.</u>

10. **BIFURCATION REQUESTED**: ☐ Yes  ☒ No

11. **POSSIBILITY OF SETTLEMENT**: ☐ Good ☒ Fair ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

  A.  Compliance with LCvR 16.1(a)(1) - ADR discussion: ☒ Yes ☐ No

    B.    The parties request that this case be referred to the following ADR process:

        ☐ Court-Ordered Mediation subject to LCvR 16.3
        ☒ Judicial Settlement Conference
        ☐ Other _____
        ☐ None - the parties do not request ADR at this time.

13.    <u>Parties consent to trial by Magistrate Judge</u>?  ☐ Yes  ☒ No

14.    <u>Type of Scheduling Order Requested</u>.  ☒ Standard - ☐ Specialized  (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

        Submitted this 3rd day of August, 2015.

        */s/ Dallas L.D. Strimple\**
        (\*signed by filing attorney with permission)
        **Attorney for Plaintiffs**

        */s/ J. Todd Woolery*
        **Attorney for Defendant**