# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRA WALKER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-14-914-D |
| | ) |
| KINGFISHER WIND, LLC, | ) |
| | ) |
| Defendant. | ) |

## O R D E R

This matter is before the Court on Defendant's Motion to Strike Errata Sheets to the depositions of Plaintiffs Cindy Shelley, Julie Harris, and Elise Kochenower [Doc. No. 127]. Defendant contends that a significant number of the errata entries contain substantial and material changes to the depositions and should therefore be stricken as outside the scope of Fed. R. Civ. P. 30(e). Mot. to Strike at 2. Plaintiffs have filed their response in opposition [Doc. No. 144]. The matter is fully briefed and at issue.

## BACKGROUND

Following the depositions of Plaintiffs Cindy Shelley, Julie Harris, and Elise Kochenower, the court reporters sent jurat and errata pages for each deposition to Plaintiffs' counsel. Each witness returned her respective errata sheet, which contain a total of 33 changes to the deposition testimony. Defendant contends that, when viewed in light of its pending motions for summary judgment, at least 12 of

the changes materially alter Plaintiffs' prior deposition testimony and should be stricken. Defendant alternatively contends the changes are procedurally defective because Plaintiffs do not provide any stated reasons for the alterations. In response, Plaintiffs contend that the errata entries are not material to the issues in Defendants' motions, and the issue of the materiality of the corrections is not ripe before the Court, as the parties did not meet and confer with respect to Defendant's objections.

## STANDARD OF DECISION

Rule 30(e) allows deposition corrections under the following circumstances:

> **(e) Review by the Witness; Changes.**
>
> **(1)** *Review; Statement of Changes.* On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> **(A)** to review the transcript or recording; and
>
> **(B)** if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1). Despite the seemingly broad, permissive language regarding a deponent's right to amend testimony, case law actually instructs that limits exist as to what changes are permissible. In the Tenth Circuit, if a change is material, which is defined as one that bears on an essential element of a claim or

2

defense,[1] whether it is permitted under Rule 30(e) is determined by examining the following factors, known as "the *Burns* rule": (1) whether the deponent was cross-examined at the deposition; (2) whether the corrections were based on newly discovered evidence; and (3) whether the deponent's deposition testimony reflects obvious confusion, as opposed to indecisiveness or inconsistency, which necessitates a correction to clarify. *See Burns v. Bd. of County Comm'rs of Jackson County*, 330 F.3d 1275, 1282 (10th Cir. 2003). The following oft-repeated passage from a case in the Western District of Louisiana provides a concise statement of the purpose and scope of Rule 30(e):

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes" but I said "no," or a formal error, i.e., he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n. 5 (10th Cir. 2002) (quoting *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992)); *see also Summerhouse*, 216 F.R.D at 507 ("Although these statements [in *Greenway*] were admittedly dictum when spoken, they have since been elevated and incorporated into the law of this circuit."). Accordingly, applying the Tenth

---

[1] *Summerhouse v. HCA Health Servs. of Kan.*, 216 F.R.D. 502, 507 (D. Kan. 2003).

Circuit's Rule 30(e) analysis set forth in *Burns* requires a two-step process. The Court must first decide if the challenged deposition corrections materially alter the deposition testimony. If the changes are material, the Court must then determine whether the foregoing analysis permits use of the altered testimony. *Fullbright v. State Farm Mut. Auto Ins. Co.*, No. CIV-09-297-D, 2010 WL 455179, at *2 (W.D. Okla. Feb. 2, 2010).

## DISCUSSION

The Court has carefully reviewed the parties' submissions – particularly Defendant's pending motions for summary judgment. Based on its review of the record, the Court finds that, although immaterial to the disposition of Defendant's pending motions, the amendments should nonetheless be stricken because Plaintiffs have not provided any reasons for the alterations in question, as mandated by Rule 30(e). The errata sheets at issue do not enumerate items that were incorrectly transcribed by the Court reporter. There is no argument that the corrections at issue were based on newly discovered evidence. Further, there are no assertions of confusion on behalf of the deponents such as would necessitate clarification. Accordingly, the Court finds Defendant's Motion to Strike should be granted. However, the Court further finds Plaintiffs' alternative request to file explanations for their changes is granted, and Plaintiffs are hereby allowed to submit revised errata sheets to Defendant and the involved court reporter within

4

**seven (7) days** of the date of this order. In the event Defendant believes that the revised errata sheets are reasonably subject to further objection, it may request appropriate relief from the Court.

## CONCLUSION

Defendant's Motion to Strike Certain Errata Sheets is **GRANTED** as set forth herein.

**IT IS SO ORDERED** this 29th day of August, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE